| | |
|---|---|
| **Jeramie Alvarado** on behalf of himself and all other persons similarly situated, known and unknown,<br><br>        Plaintiffs,<br><br>vs.<br><br><br>**TA Operating, LLC d/b/a Travel Centers of America**, a Delaware Limited Liability Company,<br><br>        Defendant. | Case No.<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff, Jeramie Alvarado ("Plaintiff Alvarado"); Opt-in Plaintiff, Danielle Beever ("Plaintiff Beever"); Opt-in Plaintiff, Alex Parkison ("Plaintiff Parkison"); and Opt-in Plaintiff, Amanda Rogers ("Plaintiff Rorgers"), on behalf of themselves and all other persons similarly situated who are current or former servers and bartenders of Defendant who agree in writing to join this action ("Collective Members" and "Class Members) (collectively "Plaintiffs"). and by and through the undersigned attorney(s), sue the Defendant, TA Operating, LLC d/b/a Travel Centers of America ("Defendant"); and allege as follows:

## PRELIMINARY STATEMENT

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for Defendants' failure to pay Plaintiffs all earned minimum and overtime wages.

2.      This lawsuit also arises under the West Virginia state wage laws for Defendants' failure to pay Plaintiffs all earned minimum and overtime wages. W. Va. Code § 21-5C *et seq.*

3. Plaintiff Alvarado, individually, and on behalf of all others similarly-situated, brings this action against Defendant for its unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

4. Plaintiff Alvarado, individually, and on behalf of all others similarly-situated, brings this action against Defendant for its unlawful failure to pay minimum wage and overtime due and owing Plaintiffs and others similarly-situated in violation of W. Va. Code § 21-5C *et seq*.

5. Plaintiff Alvarado brings a collective action under the FLSA to recover the unpaid minimum wages and overtime owed to him individually and on behalf of all other similarly-situated servers and bartenders, current and former, employed at Defendant's "Quaker Steak & Lube" restaurants. Members of the Collective Action are referred to as the "Collective Members."

6. Additionally, Defendant's failure to compensate Plaintiff Alvarado and all other non-exempt servers and bartenders at a rate equal to West Virginia's required minimum wage violates W. Va. Code § 21-5C *et seq*. Plaintiff Alvarado, therefore, brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages and other damages owed under W. Va. Code § 21-5C *et seq*. Members of the Rule 23 Class Action are referred to as the "Class Members."

7. The Collective Members are all current and former servers and bartenders who were employed at Defendant's Quaker Steak & Lube restaurants at any time starting three years before this Complaint was filed, up to the present.

8. The Class Members are all current and former servers and bartenders who were employed at Defendant's Quaker Steak & Lube restaurants at any time starting two years before this Complaint was filed, up to the present.

9. Defendant owns and operates a chain of Quaker Steak & Lube restaurants which are the subject of this lawsuit.

10. Defendant has a policy or practice of paying its employee servers sub-minimum hourly wages under the tip-credit provisions of the FLSA and WVWPCA.

11. The prerequisites to taking a tip credit from the wages of an employee, which are set forth in 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59(b), state that "an employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act." These include (1) the amount of cash wage that is to be paid to the tipped employee by the employer; (2) The additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; (3) That all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (4) that the tip credit shall not apply to any employee who has not been informed of these requirements in this section. *Id*.

12. Defendant failed to inform Plaintiffs and the Collective Members of (1) the amount of the tip credit being claimed by Defendant; (2) that the amount claimed by Defendant must not exceed the value of the tips actually received by Plaintiffs and the Collective Members; and (3) that all tips received by Plaintiffs and Collective Members must be retained by the Plaintiffs and the Collective Members in the absence of a valid tip pooling arrangement limited to employees

who customarily and regularly receive tips. As such, Defendant was not entitled to apply the tip credit to the wages paid to Plaintiffs and the Collective Members.

13.     Under the tip-credit provisions of the FLSA, an employer of tipped employees may, under certain circumstances, pay those employees less than the minimum hourly wage and take a "tip credit" against its minimum wage obligations.  But an employer is *not* permitted to take a tip credit against its minimum wage obligations when it (1) requires its tipped employees to perform non-tipped work that is ***unrelated*** to the employees' tipped occupation (i.e., "dual jobs"); **or** (2) when the employer requires its tipped employees to perform non-tipped that is ***related*** to the employees' tipped occupation such as cleaning and setting tables, toasting bread, making coffee and washing dishes or glasses more than "part of the time" or "occasionally". 29 C.F.R. §531.56(e) ("Dual Jobs" regulation); *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time"); *see also O'Neal v. Denn-Ohio, LLC,* 3:19-cv-00280 at Doc. #32 (N.D. Ohio, Jan. 14, 2020).

14.     Defendant violated the FLSA by enforcing a policy or practice of paying Plaintiffs and the Collective Members sub-minimum, tip-credit wages even when it required those employees to perform non-tipped work that is ***unrelated*** to their tipped occupation (i.e., "dual jobs").

15.     Defendant violated the FLSA by enforcing a policy or practice of requiring servers to perform non-tipped work that, even if it was ***related*** to their tipped occupation, was performed more than occasionally or part of the time. Instead, Defendant required such ***related*** non-tipped labor to be performed for unreasonable amounts of time that are not contemporaneous to direct

customer service duties and for amounts of time that exceed 20 percent of Plaintiffs' and the Collective Member's time worked in one or more individual workweeks.

16.     The FLSA, 29 U.S.C. § 207, requires that employers pay non-exempt employees one and one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek. In any given workweek in which Plaintiffs and the Collective Members worked in excess of 40 hours, Defendant imposed a tip-credit against such overtime hours worked by Plaintiffs and the Collective Members.

17.     Defendant did not meet the tip-credit notice perquisites of 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59(b) and Defendant was therefore not entitled to claim a tip-credit for the overtime hours worked by Plaintiffs and the Collective Members.

18.     Defendant was not entitled to claim a tip-credit for time spent by Plaintiffs and the Collective Members performing non-tipped duties ***unrelated*** to their tipped occupations and non-tipped duties ***related*** to their tipped occupations performed for excessive and unreasonable amounts of time.  As such, Defendant was not entitled to claim a tip-credit against time spent, in excess of 40 hours in a given workweek, by Plaintiffs and the Collective Members performing such unrelated and related non-tipped duties.

19.     W. Va. Code § 21-5C-4 requires that, in order to be entitled to claim a tip credit against minimum and overtime wages, and employer must keep documentary evidence that the employee is receiving at least seventy percent of the full minimum wage in gratuities.

20.     For example, at all relevant times, the West Virginia minimum wage was $8.75 per hour. W. Va. Code § 21-5C-2(a). As such, an employer may pay an employee as little as $2.63 per hour if (1) the employee earns at least $6.12 in gratuities and (2) the employer has kept record

evidencing that the employee earned at least $6.12 in gratuities for the hours in which the tip credit is taken.

21.     If an employer intends to take a tip credit for any hour worked by any employee in excess of forty hours in any given workweek, the employer must pay the employee at least $7.05 per hour ([$8.75 x 1.5] - $6.12). W. Va. Code § 21-5C-2(a); § 21-5C-4.

22.     Under West Virginia law, and employer may only take a tip credit for overtime hours worked if (1) the employee earns at least $6.12 in gratuities for each overtime hour worked and (2) the employer has kept record evidencing that the employee earned at least $6.12 in gratuities for each overtime hour worked.

23.     Defendant imposed a tip credit of $6.12 per hour on all regular and overtime hours worked by Plaintiffs and the Class Members for hours in which Plaintiffs and the Class Members did not earn at least $6.12 per hour in gratuities in violation of W. Va. Code § 21-5C *et seq*.

24.     Defendant failed to keep record evidencing that Plaintiffs and the Class Members earned at least $6.12 per hour for each hour and overtime hour in which Defendant took a tip credit against Plaintiffs' and the Class Members' wages in violation of W. Va. Code § 21-5C *et seq*.

## JURISDICTION AND VENUE

25.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1367 because this action contains claims arising under West Virginia law that are so related to Plaintiffs' claims under 29 U.S.C. § 201, *et seq.* that they form part of the same case or controversy under Article III of the United States Constitution.

26.     Venue is proper in this district and this Court has personal jurisdiction over Defendant because Defendant is headquartered within this judicial district at 24601 Center Ridge Road Westlake, OH 44145, and because Defendant owns and operates Quaker Steak & Lube restaurants within the state of Ohio and within this judicial district.

27.     Plaintiffs and the Collective Members, in their work for Defendant, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## PARTIES

28.     Plaintiff Alvarado was employed as a server and bartender at Defendant's Quaker Steak and Lube restaurant located at 45 Satterfield Dr, Triadelphia, West Virginia 26059 from 2013 until approximately August 31, 2018. Plaintiff Alvarado has provided his express written consent to participate in this action, a true and accurate copy of which are attached hereto as Exhibit "A".

29.     Opt-in Plaintiff Beever was employed as a server and bartender at Defendant's Quaker Steak and Lube restaurant located at 45 Satterfield Dr, Triadelphia, West Virginia 26059 from approximately February 23, 2016 through approximately August 13, 2018.  Opt-in Plaintiff Beever has provided her express written consent to participate in this action, a true and accurate copy of which are attached hereto as Exhibit "B".

30.     Opt-in Plaintiff Parkison was employed employed as a server at Defendant's Quaker Steak and Lube restaurant located at 45 Satterfield Dr, Triadelphia, West Virginia 26059 from 2014 until approximately March 31, 2019. Opt-in Plaintiff Parkison has provided his express written consent to participate in this action, a true and accurate copy of which are attached hereto as Exhibit "C".

31.     Opt-in Plaintiff Rogers has been employed as a server at Defendant's Quaker Steak and Lube restaurant located at 45 Satterfield Dr, Triadelphia, West Virginia 26059 from 2012 through the present. Opt-in Plaintiff Rogers has provided her express written consent to participate in this action, a true and accurate copy of which are attached hereto as Exhibit "D".

32.     At all material times, Plaintiffs were paid by Defendant as tipped employees under the FLSA and W. Va. Code § 21-5C *et seq*.

33.     Defendants employed Plaintiffs perform various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, cleaning, busing tables, washing dishes and other side work.

34.     At all material times, Plaintiffs were employees of Defendant as defined in 29 U.S.C. § 203(e)(1), non-exempt employees under 29 U.S.C. § 213(a)(1), and non-exempt employees as defined by W. Va. Code § 21-5C-1(f).

35.     At all material times, TA Operating, LLC was a limited liability company duly licensed to transact business in the States of Ohio, West Virginia, Florida, Indiana, Iowa, Kentucky, Louisiana, New Jersey, Pennsylvania, South Carolina, Tennessee and Virginia.

36.     Defendant TA Operating, LLC does business as "Travel Centers of America" and owns and operates a chain of Quaker Steak & Lube restaurants, including the restaurants which employed Plaintiffs.

37.     At all relevant times, TA Operating, LLC exercised the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, maintained employment records in connection with Plaintiffs' employment, and acted both directly and indirectly in the interests of Defendants'

Quaker Steak & Lube restaurants in relation to their employees. As such, Defendant TA Operating, LLC is Plaintiffs' "employer," as defined by 29 U.S.C. § 203(d) and W. Va. Code § 21-5-1(e).

## DEFENDANT IS A "SINGLE ENTERPRISE"

38. Defendant owns and operates a chain of Quaker Steak & Lube restaurants.

39. At all material times, Defendant has operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendant performs related activities through unified operation and common control for a common business purpose; namely, the operation of a chain of Quaker Steak & Lube restaurants.

40. Defendant constitutes a unified operation because is organized the performance of related activities so that it is an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

41. Defendant runs each Quaker Steak & Lube restaurant identically, or virtually identically, and Defendant's customers can expect the same kind of customer service regardless of the location.

42. Defendant shares employees, including servers and bartenders, between restaurant locations.

43. Defendant shares common management between restaurant locations. Defendant's Quaker Steak & Lube restaurants share common human resources and payroll services.

44. Defendant uses the trade name "Quaker Steak & Lube" at all of its Quaker Steak & Lube restaurant locations.

45. Defendant's restaurants are advertised on the same website. https://www.thelube.com (last visited Apr. 10, 2020).

46.     Defendant provides the same array of products and services to their customers at its Quaker Steak & Lube restaurant locations. http://thelube.com/category/menu/ (last visited Apr. 10, 2020).

47.     Defendant invites the public, along with the servers and bartenders which make up Plaintiffs, the Collective Members and Class Members, to apply for jobs at any one or all of their Quaker Steak and Lube restaurants through a common process. http://thelube.com/employment/ (last visited Apr. 10. 2020).

48.     Defendant's job description for server is identical across all of its Quaker Steak & Lube restaurants and includes tasks such as cleaning, stocking and being able to lift at least fifty pounds. (See sample job postings attached hereto as Exhibit "E").

49.     Defendant's operate their Quaker Steak & Lube restaurants under a unified business model. Part of that business model includes maximizing profits by minimizing labor costs through taking a tip credit against the wages of all servers and bartenders.  Part of that business model further includes requiring and permitting servers and bartenders to perform non-tipped labor while taking a tip credit against their wages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

50.     Plaintiffs and the Collective Members bring the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

51.     Plaintiffs assert those claims on behalf of themselves, and on behalf of all similarly situated tipped employees employed by Defendant, who were not paid all compensation required by the FLSA during the relevant time period as a result of Defendant's compensation policies and practices.

52. Plaintiffs seek to notify the following employees of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All individuals who worked at any time during the past three years at any Quaker Steak & Lube restaurant owned or operated by Defendant in the job position of server or bartender and who were paid for their work on an hourly basis according to the tip credit provisions of the FLSA, (*i.e.* an hourly rate less than the applicable minimum wage, excluding tips).**

53. The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255. As alleged herein, Plaintiffs' and the Collective Members' claims arise out of Defendant's willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all tipped employees employed by Defendant within three years from the filing of this Complaint.

54. Upon information and belief, Defendant has employed thousands of tipped employees across over 50 Quaker Steak & Lube restaurant locations during the period relevant to this action.

55. The identities of these employees, as a group, are known only to Defendant. Because the numerous members of this collective action are unknown to Plaintiffs, joinder of each member is not practicable.

56. Because these similarly situated tipped employees are readily identifiable by Defendant and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

57. Collective adjudication is appropriate in this case because the tipped employees whom Plaintiffs wish to notify of this action have been employed in positions similar to Plaintiffs; have performed work similar to Plaintiffs; and have been subject to compensation practices similar

to those to which Plaintiffs have been subjected, including unlawful payment of sub-minimum wages for non-tipped work and unlawful application of the FLSA's tip credit provisions.

## WEST VIRGINIA CLASS ACTION ALLEGATIONS

58.     Plaintiffs bring their West Virginia wage claims as a Rule 23 class action on behalf of the following Class Members:

> **The Class Members are all individuals who worked at any Quaker Steak & Lube restaurant owned or operated by Defendant in the job position of server or bartender who were paid an hourly rate of less than the West Virginia minimum wage on account of their receiving tips, starting <u>two years before this lawsuit was filed up to the present</u>.**

59.     <u>Numerosity</u>.  The number of Class Members is believed to be in the thousands. This volume makes bringing the claims of each individual Class Member before this Court impracticable.  Likewise, joining each individual Class Member as a plaintiff in this action is impracticable.  Furthermore, the identity of the Class Members will be determined from Defendant's records, as will the compensation paid to each of them.  As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the Class Members and Defendant.

60.     <u>Typicality</u>.  Plaintiffs' claims are typical of the Class Members because like the Class Members, Plaintiffs were subject to Defendant's company-wide policies and practices and was compensated in the same manner as the other Class Members.  Defendant regularly took a tip credit for the wages paid to Plaintiffs and the Class Members even when Plaintiffs and the Class Members earned less than $6.12 in tips in a given hour.  Defendant has likewise failed to keep record evidencing that Plaintiff and the Class Members earned at least $6.12 in tips for all hours in which Defendant took a tip credit. As such, Defendant has violated the provisions of W. Va. Code § 21-5 *et seq.*

61.    <u>Adequacy</u>.  Plaintiffs will fairly and adequately protect the interests of the Class Members because it is their mutual interest to effectively prosecute the claims in this Complaint in order to obtain the unpaid wages and penalties required under West Virginia law.  Plaintiffs have retained attorneys who have expertise in both class actions and wage and hour litigation. Plaintiffs do not have any interest that may be contrary to or in conflict with the claims of the Class Members he seeks to represent.

62.    <u>Commonality</u>. Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

      a.      Whether Defendant took a tip credit for hours worked by Plaintiffs and the Class Members in which Plaintiffs and the Class Members did not earn at least $6.12 in tips;

      b.      Whether Defendant kept record evidencing that Plaintiffs and the Class Members earned at least $6.12 in tips for all hours in which Defendant took a tip credit for the time worked by Plaintiffs and the Class Members

63. Common issues of law include, but are not limited to:

      a.      Whether Defendants properly paid all minimum wages due and owing to Plaintiffs and the Class Members;

      b.      Whether Defendants were entitled to impose a tip credit on the wages of Plaintiffs and the Class Members; and

      c.      Whether Plaintiffs and the Class Members are entitled to compensatory damages and attorney fees;

64.    <u>Superiority</u>.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any of the Class Members could afford

to pursue individual litigation against a company the size of Defendant, doing so would unduly burden the system. Individual litigation would magnify the delay and expense to all parties and burden the court system with duplicative lawsuits. Prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

65. A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court and Judge. By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. The identities of the Class Members are readily identifiable from Defendant's records.

66. This type of case is well-suited for class action treatment because: (1) Defendant's practices, policies, and/or procedures were uniform and company-wide; (2) the burden is on Defendant to prove it properly compensated its employees; (3) the burden is on Defendant to accurately record hours worked by employees; and (4) the burden is on Defendants to prove it properly imposed the tip credit upon its employees.

67. Ultimately, a class action is a superior forum to resolve the West Virginia state law claims set forth in this Complaint because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiffs and the Class Members according to applicable West Virginia laws.

68. <u>Nature of Notice to be Proposed</u>. As to the Rule 23 Class Members, it is contemplated that notice would be issued giving putative class members an opportunity to opt out of the class if they so desire, *i.e.* an "opt-out notice." Notice of the pendency and resolution

of the action can be provided to the Class Members by mail, electronic mail, print, broadcast, internet, and/or multimedia publication.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PROVIDE NOTICE OF TIP CREDIT TO PLAINTIFFS**

69.     The prerequisites to taking a tip credit from the wages of an employee, which are set forth in 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59(b), state that "an employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act." These include (1) the amount of cash wage that is to be paid to the tipped employee by the employer; (2) The additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; (3) That all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (4) that the tip credit shall not apply to any employee who has not been informed of these requirements in this section. *Id*.

70.     Defendant failed to inform Plaintiffs and the Collective Members of (1) the amount of the tip credit being claimed by Defendant; (2) that the amount claimed by Defendant must not exceed the value of the tips actually received by Plaintiffs and the Collective Members; and (3) that all tips received by Plaintiffs and Collective Members must be retained by the Plaintiffs and the Collective Members in the absence of a valid tip pooling arrangement limited to employees who customarily and regularly receive tips. As such, Defendant was not entitled to apply the tip credit to the wages paid to Plaintiffs and the Collective Members.

71.     Defendant failed and/or refused to pay Plaintiffs and the Collective Members the full minimum wage according to the provisions of the FLSA for each and every workweek that

Plaintiffs and the Collective Members worked for Defendant, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

72. As such, full applicable minimum wage for such time Plaintiffs and the Collective Members worked is owed to Plaintiffs and the Collective Members for the entire time they were employed by Defendant.

73. Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiffs and the Collective Members the full minimum wage over the course of their employment would violate federal law, and Defendant was aware of the FLSA minimum wage requirements during Plaintiffs' and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

74. Plaintiffs and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Jeremy Alvarado; Opt-in Plaintiff, Danielle Beever; Opt-in Plaintiff, Alex Parkison; and Opt-in Plaintiff, Amanda Rogers, on behalf of themselves and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs' and the Collective Members' favor, and against Defendant for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT TWO: FAIR LABOR STANDARDS ACT
## LABOR UNRELATED TO PRIMARY DUTIES OF TIPPED OCCUPATION

75. Defendant failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq., and 29 C.F.R. § 531.56(e) by requiring Plaintiffs and the Collective Members in a given workweek,

and during each and every workweek Plaintiffs and the Collective Members were employed by Defendant, to perform non-tipped labor **_unrelated_** to their tipped occupations, including but not limited to: working the grill line and performing the primary job duties of cook; performing the primary job duties of a host or hostess; taking out trash; scrubbing walls; sweeping and mopping floors; cleaning booths; operating the dishtank and performing the primary job duties of a dishwasher; breaking down and cleaning stations throughout the restaurant; ensuring the general cleanliness of the restaurant; detail cleaning throughout the restaurant; stocking ice; answering the phone; working the cash register; and rolling bins full of silverware.

76.     Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiffs and the Collective Members the full applicable minimum wage, without applying the tip credit, for time spent performing labor unrelated to their tipped occupation, would violate federal law and Defendant was aware of the FLSA minimum wage requirements during Plaintiffs' and the Collective Members' employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

77.     Plaintiffs and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Jeremy Alvarado; Opt-in Plaintiff, Danielle Beever; Opt-in Plaintiff, Alex Parkison; and Opt-in Plaintiff, Amanda Rogers, on behalf of themselves and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs' and the Collective Members' favor, and against Defendant for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment

interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT THREE: FAIR LABOR STANDARDS ACT
## EXCESSIVE REQUIRED LABOR RELATED TO TIPPED OCCUPATION

78.     Defendant failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq. and 29 C.F.R. § 531.56(e) by requiring Plaintiffs and the Collective Members in a given workweek, and during each and every workweek Plaintiffs and the Collective Members were employed by Defendant, to perform non-tipped labor *related* to their tipped more than "part of the time" or occasionally. Plaintiffs and the Collective members performed such *related* non-tipped labor for unreasonable amounts of time that were not contemporaneous to their direct customer service duties and in excess of twenty percent (20%) of their regular workweek, while being paid at the tip credit rate. Examples of such non-tipped labor *related* to their tipped occupation of servers include, but are not limited to, cleaning and setting tables, toasting bread, making coffee and washing dishes or glasses. 29 C.F.R. § 531.56(e).

79.     Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiffs and the Collective Members the full applicable minimum wage, without applying the tip credit, for time spent performing such amounts of non-tipped labor related to their tipped occupation, would violate federal law and Defendant was aware of the FLSA minimum wage requirements during Plaintiffs' and the Collective Members' employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

80.     Plaintiffs and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Jeremy Alvarado; Opt-in Plaintiff, Danielle Beever; Opt-in Plaintiff, Alex Parkison; and Opt-in Plaintiff, Amanda Rogers, on behalf of themselves and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs' and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT FOUR: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

81.     Plaintiffs and the Collective Members were non-exempt employees entitled to the statutorily mandated overtime wages.

82.     The FLSA, 29 U.S.C. § 207, requires that employers pay non-exempt employees one and one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek. In any given workweek in which Plaintiffs and the Collective Members worked in excess of 40 hours, Defendant imposed a tip-credit against such overtime hours worked by Plaintiffs and the Collective Members.

83.     Defendant did not meet the tip-credit notice perquisites of 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59(b) and Defendant was therefore not entitled to claim a tip-credit for the overtime hours worked by Plaintiffs and the Collective Members.

84.     Defendant was not entitled to claim a tip-credit for time spent by Plaintiffs and the Collective Members performing non-tipped duties *unrelated* to their tipped occupations and non-tipped duties *related* to their tipped occupations performed for excessive and unreasonable amounts of time.  As such, Defendant was not entitled to claim a tip-credit against time spent, in

excess of 40 hours in a given workweek, by Plaintiffs and the Collective Members performing such unrelated and related non-tipped duties.

85.     As such, the full applicable overtime rate is owed for all hours that Plaintiffs and the Collective Members worked in excess of 40 hours per week.

86.     Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiffs and the Collective Members the proper overtime rate would violate federal and state law, and Defendant was aware of the FLSA minimum wage requirements during Plaintiffs' and the Collective Members' employment with Defendant. As such, Defendant's conduct constitutes a willful violation of the FLSA.

**WHEREFORE**, Plaintiff, Jeremy Alvarado; Opt-in Plaintiff, Danielle Beever; Opt-in Plaintiff, Alex Parkison; and Opt-in Plaintiff, Amanda Rogers, on behalf of themselves and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs' and the Collective Members' favor, and against Defendant for compensation for unpaid overtime wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT FIVE: FAILURE TO COMPLY WITH WEST VIRGINIA WAGE LAW

87.     W. Va. Code § 21-5C-4 requires that, in order to be entitled to claim a tip credit against minimum and overtime wages, and employer must keep documentary evidence that the employee is receiving at least seventy percent of the full minimum wage in gratuities.

88.     For example, at all relevant times, the West Virginia minimum wage was $8.75 per hour. W. Va. Code § 21-5C-2(a). As such, an employer may pay an employee as little as $2.63 per hour if (1) the employee earns at least $6.12 in gratuities and (2) the employer has kept record

evidencing that the employee earned at least $6.12 in gratuities for the hours in which the tip credit is taken.

89.    If an employer intends to take a tip credit for any hour worked by any employee in excess of forty hours in any given workweek, the employer must pay the employee at least $7.05 per hour ([$8.75 x 1.5] - $6.12). W. Va. Code § 21-5C-2(a); § 21-5C-4.

90.    Under West Virginia law, and employer may only take a tip credit for overtime hours worked if (1) the employee earns at least $6.12 in gratuities for each overtime hour worked and (2) the employer has kept record evidencing that the employee earned at least $6.12 in gratuities for each overtime hour worked.

91.    Defendant imposed a tip credit of $6.12 per hour on all regular and overtime hours worked by Plaintiffs and the Class Members for hours in which Plaintiffs and the Class Members did not earn at least $6.12 per hour in gratuities in violation of W. Va. Code § 21-5C *et seq*.

92.    Defendant failed to keep record evidencing that Plaintiffs and the Class Members earned at least $6.12 per hour for each hour and overtime hour in which Defendant took a tip credit against Plaintiffs' and the Class Members' wages in violation of W. Va. Code § 21-5C *et seq*.

**WHEREFORE**, Plaintiff, Jeremy Alvarado; Opt-in Plaintiff, Danielle Beever; Opt-in Plaintiff, Alex Parkison; and Opt-in Plaintiff, Amanda Rogers, on behalf of themselves and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs' and the Class Members' favor for unpaid minimum wages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this April 13, 2020.

THE LAW OFFICES OF SIMON & SIMON

By: /s/ *James L. Simon*

James L. Simon (OH No. 0089483)
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, OH 44131
Telephone: (216) 525-8890
Email: james@bswages.com

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*

Clifford P. Bendau, II (OH No. 0089601)
Christopher J. Bendau
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Telephone OH: (216) 395-4226
Email: cliff@bswages.com